UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES ELMER HEWETT and JAMES WILLIAM HEWETT, | Civil No. 7:19-cv-00238 |
| Plaintiffs, | |
| v. | COMPLAINT |
| PLAYGROUND SPECIALISTS, INC. and ROBERT B. JONES, | |
| Defendants. | |

Plaintiffs, James Elmer Hewett and James William Hewett (together "Plaintiffs"), by and through counsel, bring this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Defendants Playground Specialists, Inc. ("PSI") and Robert B. Jones ("Jones") (collectively referred to as "Defendants").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. § 216(b) and they seek to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2. Plaintiffs' FLSA claims result from Defendants' policy and practice of failing to pay Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

3. Defendants failed to pay all wages earned by Plaintiffs pursuant to the NCWHA. Specifically, Defendants violated N.C. Gen. Stat. §§ 95-25.7. by failing to pay Plaintiffs all earned wages due on the next regular payday following the separation of their employment.

## THE PARTIES

4. James Elmer Hewett is an adult individual who is a resident of Ash, North Carolina.

5. James William Hewett is an adult individual who is a resident of Ash, North Carolina.

6. Playground Specialists, Inc. is a domestic corporation registered and in good standing in the State of North Carolina, with its principal office located at 102 Brandtview Rd., Cheraw, South Carolina, 29520. Playground Specialists, Inc. also has a regular business office located at 1566 Horse Branch Road SW, Ocean Isle Beach, NC 28469.

7. Jones is the majority shareholder of Playground Specialists, Inc. and holds the position of President of the corporation.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

9. This Court has personal jurisdiction because Defendants conduct business in Brunswick County, North Carolina, which is located within this judicial district.

10. Venue is proper in this judicial district because Defendants have substantial business contacts in this district, Defendants have a regular business office located in this district, Defendants' company equipment is kept in this district, and because unlawful acts alleged herein occurred in Brunswick County, North Carolina.

## COVERAGE ALLEGATIONS

11. Playground Specialists, Inc. ("PSI") is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

13. Jones is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). In this capacity, Jones is involved in the day-to-day business operations of PSI. Jones has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including the decision to withhold overtime compensation from Plaintiffs. At all relevant times, Jones acted and had responsibility to act on behalf of, and in the interests of PSI in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the overtime issues raised in this lawsuit.

14. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

15. Hewett was an employee of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

16. Hewett was an employee of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

17. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

18. At all times hereinafter mentioned, PSI has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

19. At all times hereinafter mentioned, Jones has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

20. At all times hereinafter mentioned, James Elmer Hewett was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

21. At all times hereinafter mentioned, James William Hewett was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

## PLAINTIFF'S FACTUAL ALLEGATIONS

22. PSI is a company that installs playground equipment.

23. Plaintiffs were Install Technicians whose primary job duties involved physical labor, including performing maintenance, repairs, and installation of playground equipment.

24. At all relevant times, Plaintiffs were nonexempt employees within the meaning of the FLSA and eligible for overtime compensation for all work performed in excess of 40 hours in a workweek.

25. Defendants employed Plaintiffs during the FLSA's three-year statutory period preceding the filing of this complaint.

26. Defendants employed Hewett in or about July 1997 until September 9, 2019.

27. Defendants employed James William Hewett from approximately 2014 until September 9, 2019.

28. After Defendants hired James William Hewett, Plaintiffs worked as a father-son team travelling to job sites across the southeastern United States installing playground equipment. Plaintiffs travelled together and worked the same hours.

29. At all times relevant to this lawsuit, Defendants paid Plaintiffs an annual salary.

30. The months of approximately May through September of every year are Defendants' "busy season." During these months, Plaintiffs worked substantially more hours every week to keep up with Defendants' workload demands.

31. During Plaintiffs employment with Defendants, they regularly worked in excess of 40 hours in a workweek, including, but not limited to, the week beginning on June 10, 2019, the week beginning July 15, 2019, and the week beginning August 5, 2019.

32. Defendants did not pay Plaintiffs an overtime premium for hours worked in excess of 40 each workweek during the periods described above.

33. Defendants did not provide Plaintiffs with a paystub or any other documentation that indicated the number of overtime hours Plaintiffs worked each week.

34. Defendants knew or should have known that Plaintiffs worked unpaid overtime hours during the FLSA's statutory time period because Defendants were provided with Plaintiffs' timesheets showing the overtime hours worked by Plaintiffs.

35. Defendants also had knowledge that Plaintiffs worked unpaid overtime hours during the FLSA's statutory time period because Plaintiffs orally informed Defendant Jones they worked more than 40 hours in a workweek on multiple occasions. In response, Defendant Jones explained to Plaintiffs their salary compensation structure was mutually beneficial because

Plaintiffs had a guaranteed weekly salary even in weeks where they worked less than forty hours, and it would benefit Defendants in weeks where Plaintiffs worked over forty hours.

36. Defendants did not accurately track and record the hours worked by Plaintiffs as required by the FLSA.

37. Defendants did not timely pay Plaintiffs for the overtime hours they worked during the three-year period prior to the filing of this lawsuit.

38. Defendants willfully failed to pay Plaintiffs the overtime premium required by the FLSA during the three-year period prior to the filing of this lawsuit.

39. After the separation of Plaintiffs' employment on September 9, 2019, Defendants failed to pay Plaintiffs for any of the wages they earned during their final pay period beginning August 26, 2019 and ending on September 15, 2019.

### (Count I-Violation of FLSA – Overtime)

40. Plaintiffs incorporate by reference paragraphs 1-39 of their Complaint.

41. Defendants violated the FLSA by failing to timely pay all overtime wages earned by Plaintiffs.

42. Defendants violated the FLSA by failing to pay Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

43. Defendants violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

44. Defendants' violation of the FLSA was willful.

### (Count II-Violation of NCWHA)

45. Plaintiffs incorporate by reference paragraphs 1-44 of their Complaint.

46. Plaintiffs' NCWHA claims arise from Defendants' policy and practice of failing to pay earned wages after separation of employment in violation of N.C. Gen. Stat. §95-25.7.

47. Defendants failed to timely pay all wages earned by Plaintiffs on the next regular payday following their termination of Plaintiffs' employment.

48. Defendants' conduct was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order pursuant to N.C. Gen. Stat. § 95-25.22 finding Defendants liable for unpaid wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

f) A Declaration and finding by the Court that Defendants willfully violated provisions of the NCWHA by failing to comply with the overtime requirements of the NCWHA;

g) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Jason S. Chestnut
Jason Chestnut NCSB #52066
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis, NCSB #48582

GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038

E-Mail: jason@gibbonsleis.com
phil@gibbonsleis.com
craig@gibbonsleis.com